OPINION OF THE COURT
Lawrence E. Kahn, J.
Plaintiffs move for summary judgment in the above-captioned litigation which seeks a judgment declaring section 5 (3) of the Court of Claims Act repealed by section 302 (3) of the Judiciary Law.
Section 5 (3) of the Court of Claims Act provides that: "No charge shall be made against the state by the clerk or the stenographers for copies of minutes, testimony or papers *1028 furnished to the attorney general or to the court or filed in the office of the clerk.”
Effective January 1, 1988, section 302 of the Judiciary Law was amended to enact a new paragraph which provides that: "In any civil case when a transcript may be necessary, if the attorney general requires such a copy, the cost of such copy shall be paid out of funds appropriated to the Department of Law for that purpose.”
The principle that court reporters in the Court of Claims must provide transcripts to the Attorney-General’s office, free of charge, has been in existence since the latter stages of the 19th century. Specifically, its existence may be traced to the Code of Civil Procedure, first enacted in 1897. Despite the long and uninterrupted nature of this doctrine, plaintiffs would seek to have this court declare that same has been repealed, without specific reference, by enactment of the aforesaid provision of the Judiciary Law. This argument is without merit.
"The doctrine of repeal by implication is heavily disfavored in the law and may be resorted to only in the clearest of cases” (Ball v State of New York, 41 NY2d 617, 622). It may only be found where such a conclusion is unavoidable (McKinney’s Cons Laws of NY, Book 1, Statutes § 391). Herein, the new provisions of the Judiciary Law do not result in the unavoidable conclusion that the two statutes may not coexist. Rather, it appears that the Legislature, in amending section 302 of the Judiciary Law, has intended that whenever the Attorney-General is required to pay for a transcript in a civil case, such payment shall be made out of Department of Law funds appropriated therefor. Given the long-standing principle of nonpayment in Court of Claims cases, it is certain that the Legislature was aware of same when it enacted the new provision of the Judiciary Law. Thus, the new amendment is reconciled with existing law when viewed as a clarification thereof, rather than a repeal by implication. The amendment was not designed to require payment of transcripts by the Attorney-General in each and every instance. Rather, it merely clarifies that whenever payment is in fact required, payment shall not be the responsibility of an individual *1029 county, but rather, shall be paid out of Department of Law funds.
Plaintiffs’ motion for summary judgment shall be granted to the extent that a declaration shall be made that the enactment of Judiciary Law § 302 (3) did not, by implication, repeal section 5 (3) of the Court of Claims Act.